UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-XXXXX-CIV-X/x

**Natalia Sagot**, individually,

    Plaintiff,

vs.

**Niznik Behavioral Health Resources, Inc.**, a for profit Delaware corporation d/b/a "Universal Specialty Pharmacy," and
**Universal Specialty Pharmacy, LLC**, a Georgia limited liability company,

    Defendants.

_____/

**COMPLAINT UNDER THE FAMILY AND MEDICAL LEAVE ACT**

Plaintiff, Natalia Sagot, sues Defendants, Niznik Behavioral Health Resources, Inc., and Universal Specialty Pharmacy, LLC, and alleges:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action for money damages and equitable relief brought under the laws of the United States. This Court has jurisdiction pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., *inter alia* §2617.

2. Plaintiff, Natalia Sagot, at all times material to this case, was an individual residing in the state of Florida. Sagot worked jointly for a conglomerate of related entities and persons who together operate Niznik Behavioral Health Resources, Inc. and Universal Specialty Pharmacy, LLC, as a single entity. The conglomerate includes Defendants Niznik Behavioral Health Resources, Inc. and Universal Specialty Pharmacy, LLC.

3. Plaintiff, Natalia Sagot, is an "eligible employee" within the meaning of 29 U.S.C. §2611(2) and an "employee" within the meaning of 29 U.S.C. §203(e), made applicable by 29 U.S.C. §2611(3).

4. At all times material hereto, Plaintiff, Natalia Sagot was employed at a worksite at which Defendants, each of them or jointly, employed 50 or more employees.

5. Defendant Niznik Behavioral Health Resources, Inc. ("NBHR") at all times material to this action, was a Delaware for profit corporation and an "Employer" for purposes of FMLA eligibility within the meaning of 29 U.S.C. §2611, and or otherwise bound by its requirements and proscriptions.

6. Defendant Universal Specialty Pharmacy, LLC ("USP") at all times material to this action, was a Georgia for profit limited liability company and an "Employer" for purposes of FMLA eligibility within the meaning of 29 U.S.C. §2611, and or otherwise bound by its requirements and proscriptions.

7. Defendants, each of them individually and together as a group, are a "person" and an "employer" within the meanings of the 29 U.S.C. §§2611 and 203 (a) and (d) and may be hereinafter referred to as the "Employer".  Moreover, this same "Employer", each individually or together, were engaged in commerce within the meaning of 29 U.S.C. §§2611(1) and 203(s).

8. Venue is proper in this Court in that the alleged unlawful conduct occurred in Miami-Dade County, Florida.

## ATTORNEY'S FEES

9. Plaintiff Natalia Sagot has engaged the services of the undersigned attorneys to prosecute this action, and has agreed to pay a reasonable attorney's fee for their service.

## ENTITLEMENT TO ATTORNEY'S FEES

10. Plaintiff Natalia Sagot is entitled to and demands an award of prevailing party attorney's fees pursuant 29 U.S.C. §2617(a)(3) and Florida Statute §448.08.

## FACTUAL ALLEGATIONS

11. Plaintiff Natalia Sagot was hired by Defendants/Employers on or about April of 2017 and worked there continuously until her termination from employment on or about February 13, 2019.

12. **FMLA Leave Request**. On or about April of 2018, Plaintiff Natalia Sagot advised that she had become pregnant and requested FMLA maternity leave at that time, with said leave to commence on or about November 2018, when she was expecting to give birth.

13. She requested and was granted FMLA leave, which she took as authorized, and returned to work when authorized.

14. Upon her return to work, however, the Employers restrained, interfered with, and effectively denied her qualifying FMLA leave by telling her that to remain employed, she would have to accept a transfer to Norcross, Georgia commencing immediately, on the 18th day of February, 2019.

## COUNT I - VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

Plaintiff realleges ¶¶1-14 as though fully set forth herein.

15. This an action pursuant to 29 U.S.C. §2601 et seq., the Family and Medical Leave Act.

16. Due to her serious and qualifying health condition under the FMLA, Plaintiff Natalia Sagot exercised and/or attempted to exercise rights protected under the FMLA.

17. The Defendants violated the FMLA by restraining, interfering with, and effectively denying her right to FMLA leave, and by discriminating against her by effectively terminating her employment as a result of her exercise of rights protected under the FMLA.

18. As a direct and proximate result of Plaintiff Natalia Sagot's exercise of her FMLA right to medical leave, Defendants discriminated against her by, among other things:

   a. Terminating her employment;
   b. Denying her the terms and conditions of her employment;
   c. transferring her to a different department in another state;
   d. restraining and interfering with her rights under the FMLA;
   e. retaliating against her for exercising rights secured to her under the FMLA.

19. As a direct and proximate result of the Defendants' actions in violation of the FMLA, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff Natalia Sagot demands the following relief against the Defendants: Compensatory damages including lost salary, benefits, compensation denied or lost, and other monetary loss occasioned by the unlawful conduct of the Employer; pre-judgment interest; liquidated damages in an amount equal to the actual monetary damages awarded including interest, and; equitable relief including re-employment, reinstatement, promotion and such further equitable relief as allowed by law which the Court deems just and proper under the circumstances, plus attorney's fees and costs.

## **DEMAND FOR JURY TRIAL**

20. Plaintiff demands a trial by jury over all issues so triable.

Dated: March 6, 2019

                                              **ANTHONY F. SANCHEZ, P.A.**
COUNSEL FOR PLAINTIFF
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.:   305-665-9211
FAX:    305-328-4842
EMAIL:  afs@laborlawfla.com

BY:  /s/ Anthony F. Sanchez
     ANTHONY F. SANCHEZ
     FLORIDA BAR NO.0789925

5