# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 19-cv-20875-MGC

NATALIA SAGOT,

Plaintiff,
v.

NIZNIK BEHAVIORAL HEALTH
RESOURCES, INC., a for profit
Delaware corporation d/b/a "Universal
Specialty Pharmacy," and UNIVERSAL
SPECIALTY PHARMACY, LLC,
a Georgia limited liability company,

Defendants.
_____/

### DECLARATION OF MICHAEL CHUPRIN IN SUPPORT OF DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

I, Michael Chuprin, make the following declaration under penalty of perjury pursuant to the laws of the United States:

1. I am over 18 years of age and competent to testify to the matters stated in this declaration. I make this declaration based upon my personal knowledge. This declaration is given voluntarily.

2. I am currently employed by Universal Specialty Pharmacy, LLC ("USP"), as its Chief Executive Officer. I started working at USP on November 1, 2018.

3. USP is a pharmacy and dedicated to increasing accessibility to vital specialty medications and making it easier for patients to stay on top of their medical needs, track prescriptions, and communicate with pharmacists.

4.   USP has never employed fifteen or more employees. Additionally, and as it relates to this case, USP employed fewer than fifteen employees in 2018 and 2019.

5.   USP maintains an Equal Employment Opportunity policy, which provides that USP is committed to offering equal employment opportunities in all of its employment practices, and that USP does not discriminate on the basis of sex, race, color, religion, national origin, ancestry, or any other consideration made unlawful by federal, state or local laws.

6.   USP and Niznik Behavioral Health Resources, Inc. ("Niznik") share common ownership. However USP and Niznik are separate and distinct legal entities. The two companies (1) do not share operations; (2) do not have shared control of labor relations; and (3) do not have any management in common.

7.   Principal office of USP is in Norcross, Georgia.

8.   When I started working at USP, Natalia Sagot was my assistant.  Ms. Sagot was physically working in Miami, Florida.

9.   Within a few days of my starting to work at USP, on or about November 8, 2018, Natalia Sagot went out on maternity leave.

10.   Soon after I started working at USP, I decided that I needed to have my assistant physically in Norcross, Georgia.

11.   When Ms. Sagot returned from maternity leave in February 2019, I offered her the opportunity to relocate to Norcross, Georgia.

12.   Ms. Sagot advised me she did not want to relocate to Norcross, Georgia.

13.   Ms. Sagot was terminated by USP because she did not want to relocate with USP from Miami, FL to Norcross, GA.

14. USP ultimately advertised for and hired an employee in Norcross, GA for the same position Ms. Sagot held in Miami, Florida.

15. Ms. Sagot's position was never replaced in Miami, Florida or anywhere else other than in Norcross, Georgia.

16. Neither Ms. Sagot's gender, national origin, nor any other category, were factored into USP's decision to terminate her employment.

17. If called as a witness in this matter, I will testify to this effect.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: September 27, 2019

*Michael Chuprin*
_____
Michael Chuprin

WSACTIVELLP:10843346.1