# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 19-cv-20875-MGC

NATALIA SAGOT,

    Plaintiff,

v.

NIZNIK BEHAVIORAL HEALTH
RESOURCES, INC., a for profit
Delaware corporation d/b/a "Universal
Specialty Pharmacy," and UNIVERSAL
SPECIALTY PHARMACY, LLC,
a Georgia limited liability company,

    Defendant.
_____/

### DEFENDANT'S, UNIVERSAL SPECIALTY PHARMACY, LLC, AMENDED OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and as required by the Court's order of July 19, 2019 (D.E. 41), Defendant, UNIVERSAL SPECIALTY PHARMACY, LLC ("USP" or "Defendant"), hereby submits Defendant's Amended Objections and Answers to Plaintiff, NATALIA SAGOT's First Set of Interrogatories to Defendant, as follows:

### RESERVATION OF RIGHTS

1. Defendant's objections and answers to Plaintiff's First Set of Interrogatories to Defendant should not be construed as a waiver to challenge discovery requests in this matter. Defendant does not intend to waive any right to arbitrate this, or any other claims, by objecting and responding to Plaintiff's written discovery requests. Notwithstanding, Defendant objects and responds to Plaintiff's First Set of Interrogatories to ensure that no objections are waived.

2. Any information furnished in response to Plaintiff's First Set of Interrogatories is subject to Defendant's right to object to the admission into evidence of such information on the grounds that the information may be irrelevant to the issues in this action or otherwise inadmissible.

## GENERAL OBJECTIONS

1. Defendant objects to the Definitions contained in the Requests "to the extent they seek to expand the definition of terms beyond that required by Federal Rules of Civil Procedure.

2. Defendant objects to the Instructions in the Requests to the extent they seek to impose additional burdens not required by Federal Rules of Civil Procedure.

3. Except for the explicit facts stated herein, no incidental or implied admissions are intended. The fact that Defendant has answered any Interrogatory or part thereof is not an admission or acceptance by Defendant of the existence of any facts set forth or assumed by such Interrogatory.

4. Any response to Plaintiff's First Set of Interrogatories is made by Defendant in good faith resolution of any objection is subject to Defendant's right to object to the admission into evidence of any and all such responses on the grounds that they, or any of them, are irrelevant to the issues in this action or otherwise inadmissible.

5. The responses and objections are based upon Defendant's present knowledge, available information, and belief and are subject to amendment as Defendant acquires additional information.

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Describe in detail all evidence, including each and every fact, event, statement or incident, including each date upon which such event, statement or incident occurred, which Defendant believes shows, or tends to show, the basis or reasons for the Plaintiff's termination from employment (whether involuntary or voluntary) or other discipline as alleged in the pleadings.

**ANSWER**: Defendant objects to this Interrogatory to the extent it assumes or infers facts not in evidence. Without waiving the foregoing objections, Defendant states sometime between November 2017 and December 21, 2017, Nurys Puente offered Plaintiff a position of Office Coordinator with Defendant, a start-up pharmacy based out of Norcross, Georgia. Plaintiff accepted the position and began working for USP on December 26, 2017. When Mr. Chuprin was hired as the CEO of Defendant on November 1, 2018, he determined that the company did not need an Operations Coordinator based in South Florida, but instead required a full-time administrative assistant in Georgia. When Plaintiff returned from maternity leave on or about February 11, 2019, Mr. Chuprin offered Plaintiff the opportunity to relocate to Georgia and, if she did, he agreed to maintain her title and compensation as Operations Coordinator. In order to ease the transition, Mr. Chuprin offered Plaintiff the ability to commute between Florida and Georgia for a month, but required that Plaintiff permanently relocate to Georgia thereafter. Ms. Sagot initially responded positively to the relocation and expressed willingness to move to Georgia. However, the following day, February 12, 2019, Ms. Sagot indicated that she was not willing to relocate and, as such, she requested to be terminated by USP so that she could collect unemployment compensation. As such on February 13, 2019, Mr. Chuprin prepared a termination letter to be provided to Ms. Sagot reflecting the company's relocation of Ms. Sagot's position to

3

Georgia and, given Ms. Sagot's decision not to relocate, wishing her the best of luck in her future endeavors.

2.      If any evidence described in answer to Interrogatory No. 1 above involves alleged verbal, written or recorded statement(s) of any person, identify and fully describe the person(s) who allegedly made this/these statement(s) and fully describe the statement(s) including date(s), location(s) and each person to whom the statement(s) was/were made.

**ANSWER**: Nurys Puente verbally offered Plaintiff the position of Office Coordinator for Defendant sometime between November 2017 and December 21, 2017. Additionally, many of the conversations between Michael Chuprin and Plaintiff regarding the relocation of the position from South Florida to Georgia were verbal.

3.      Describe in detail all evidence, including each and every fact, event, statement, or incident, including each date upon which such event, statement or incident occurred, which Defendant believes shows, or tends to support, each affirmative defense raised or to be raised by Defendant.

**ANSWER**: Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant denies that it discriminated against Plaintiff on any basis. Additionally, as stated above, Defendant made the decision to relocated Plaintiff's position from South Florida to Georgia. Additional facts are best ascertained during a deposition.

4.      Describe in detail all evidence, including each and every fact, event, statement, or incident, including each date upon which such event, statement or incident occurred, which Defendant believes shows, or tends to show, that Defendant did not discriminate against the Plaintiff in retaliation for her exercise of protected rights as alleged in the Complaint.

**ANSWER**: Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant denies that it discriminated against Plaintiff on any basis. Additionally, as stated above, Defendant made the decision to relocated Plaintiff's position from South Florida to Georgia. Additional facts are best ascertained during a deposition.

5.   Please describe, in complete detail, the organizational structure of Defendant, including all departments, subsidiary, parent and sister corporations, the nature of their relationship with each other and the relationship between them and Co-Defendant Niznik Behavioral Health Resources, Inc.

**ANSWER**: Defendant is a Georgia Limited Liability Company formed on May 24, 2017.

6.   Please describe, in complete detail, the manner in which information is kept on employees of Defendant, and whether such information is stored by computer and, if so, the details of such storage and all information that is available regarding that system.

**ANSWER**: Defendant keeps paper personnel files on its employees.

7.   Please state the name, gender and title of all persons who played any role in the decision to hire the Plaintiff when she was hired and to terminate her from employment, or otherwise take any adverse employment action against her, as alleged in the Complaint.

**ANSWER**: Nurys Puente, Director of Revenue, offered Plaintiff the position of Office Coordinator with Defendant. Michael Chuprin, CEO of Defendant, made the decision to relocate his assistant from South Florida to Georgia. Mr. Chuprin agreed to send Plaintiff a termination letter on or about February 13, 2019.

8.   Please state, with regard to those persons listed in Interrogatory No. 7, the precise role that each person played or documentation relied on to make their respective decisions, and the

5

impact or effect of that person's or those persons' decisions to take the respective adverse employment actions.

**ANSWER**: Nurys Puente, Director of Revenue, offered Plaintiff the position of Office Coordinator with Defendant. Michael Chuprin, CEO of Defendant, made the decision to relocate his assistant from South Florida to Georgia. Mr. Chuprin agreed to send Plaintiff a termination letter on or about February 13, 2019.

9. Please state the name, gender and title of all persons who played any role in the decision to grant or deny the Plaintiff FMLA leave when she requested it.

**ANSWER**: Defendant objects to this Interrogatory to the extent it assumes Defendant was required to provide and Plaintiff was entitled to FMLA leave. Without waiving the foregoing objections, Defendant states that no one played any role in the decision to grant or deny the Plaintiff FMLA leave when she requested it.

10. Please state, with regard to those persons listed in Interrogatory No. 9, the precise role that each person played and documentation relied upon to make their respective decisions.

**ANSWER**: Defendant objects to this Interrogatory to the extent it assumes Defendant was required to provide and Plaintiff was entitled to FMLA leave. Without waiving the foregoing objections, Defendant states that no one played any role in the decision to grant or deny the Plaintiff FMLA leave when she requested it.

11. For the period of time beginning March 6, 2016 through the present, please state whether any current or former employee has taken administrative or legal action against the Defendant and, if so, please list in complete detail the type of action(s), case number(s), names of the current or former employees, and outcome of the respective action.

**ANSWER**: Defendant objects to this Interrogatory to the extent it is not properly limited in time, scope, or location. Without waiving the foregoing objections, Defendant states that since its formation on May 24, 2017, no current or former employee has taken any administrative or legal action against Defendant, other than Plaintiff.

12. Please describe in complete detail all of the qualifications and job duties for every position ever occupied by the Plaintiff during her period of employment with Defendant.

**ANSWER:**

The requirements and qualifications for the Office Manager position held by Plaintiff were the following:

- High school diploma or GED equivalent required
- 2+ years' experience as an administrative assistant
- Fast, proficient, and accurate typist
- Outstanding communicator, both orally and written
- Excellent customer service skills
- Self-starter who works well independently
- Ability to prioritize given tasks and work efficiently towards completing them
- Familiar with common office equipment (printers, copier, fax, etc.)
- Detail-oriented and exceptional organization skills
- Strong problem solver and analytical thinker
- Professional demeanor.

The job duties and responsibilities for the Office Manager position held by Plaintiff were the following:

7

· Represent the Administrator and Administration to the public through personal, telephone, and electronic communications. Responsible for day-to-day office operations and record keeping systems

· Support office staff and executives with general operational tasks

· Plan and schedule meetings, presentations, and other office related events

· Responsible for heavy calendar management, requiring interaction with both internal and external executives and assistants to coordinate a variety of complex executive meetings

· Answer phones in a professional manner

· Direct calls to appropriate persons or take detailed messages

· Answer and send out faxes as needed

· Prepare outgoing mail and packages for executives

· Reserve conference spaces for meetings

· Schedule travel arrangements

· Send reminders regarding upcoming appointments

· Manage communication of information in and out of the office

· Type out correspondence letters, emails, memos, etc. (paper and electronic)

· Assist in preparation of presentation materials

· Monitor and maintain office equipment

· Repair or replace malfunctioning equipment and hire technicians when required

· Monitor office supplies; order and re-stock as needed

· Ensure office is kept clean and organized at all times

· Run out-of-office errands for executives

· Maintain positive and professional staff and client relationships

13. Please state whether Defendant maintains, or has ever maintained, insurance to cover the claims raised in Plaintiff's Complaint and, if so, identify the carrier and policy information and state the limits of those policies.

**ANSWER**: Yes, Defendant is covered for the claims made by Plaintiff in this action by an insurance policy issued by Chubb. Defendant has requested a copy of the policy and will produce it upon receipt.

14. Identify by full name, last known address, and telephone number, each and every individual believed or known to you to have knowledge or to have witnessed the events set forth in the pleadings, including all those persons whom you may call as witnesses at trial during your defense or rebuttal case.

**ANSWER**:

1. Natalia Sagot, Plaintiff
   Anthony F. Sanchez, Esq.
   Anthony F. Sanchez, P.A.
   670 I Sunset Drive, Suite 101
   Miami, Florida 33143
   Tel.:  305-665-9211
   Fax:   305-328-4842
   Email: afslaborlawfla.com

2. Michael Chuprin
   Chief Executive Officer, Defendant
   c/o Elizabeth M. Rodriguez
   Ford & Harrison, LLP
   One SE Third Avenue, Suite 2130
   Miami, Florida 33131
   Telephone: (305) 808-2143
   Facsimile: (305) 808-2101
   Email: erodriguez@fordharrison.com

3. Allyson Gettinger
   1591 N.E. Miami Gardens Drive
   #303
   Miami, Florida 33179

9

4.      Rebecca Klaus
1285 Mountain Ivey Court
Sugar Hill, Georgia 30518

5.      Records Custodian Universal Specialty Pharmacy, LLC
5555 Oakbrook Parkway, Suite 110
Norcross, Georgia 30093

6.      Nurys Puente
Director of Revenue
Niznik Behavioral Health Resources, Inc.
c/o Dana M. Gallup, Esq.
Gallup Auerbach
4000 Hollywood Boulevard
Suite 265 South
Hollywood, FL 33021
Telephone. 954-894-3035
Facsimile: 954-894-8015
Email: dgallup@gallup-law.com

7.      Person with Most Knowledge regarding Short Term Disability Benefits for Plaintiff
Unum Life Insurance Company of America
The Benefits Center
P.O. Box 100158
Columbia, SC 29202
Telephone: 1-800-858-6843
Facsimile: 1-800-447-2498

15.    With respect to those individuals identified in response to Interrogatory No. 14 above, describe in detail the nature and substance of the knowledge or information he or she possesses.

**ANSWER:**

1.      Natalia Sagot, Plaintiff

Ms. Sagot should have knowledge as to when she was offered the job at Defendant, her job duties, her performance, her conversations with Defendant regarding relocating to Georgia, her leave, and her decision not to relocate.

10

2. Michael Chuprin

   Chief Executive Officer, Defendant

   Mr. Chuprin has knowledge regarding when he was hired, his decision to relocate his assistant to Georgia, the job duties of Defendant's employees, and all discussions he had with Plaintiff.

3. Allyson Gettinger

   Ms. Gettinger has knowledge regarding her job duties and responsibilities and her dealings with Plaintiff.

4. Rebecca Klaus

   Ms. Klaus has knowledge regarding her job duties and responsibilities and her dealings with Plaintiff.

5. Records Custodian Universal Specialty Pharmacy, LLC

   The records custodian can authenticate business records as necessary

6. Nurys Puente
   Director of Revenue
   Niznik Behavioral Health Resources, Inc.

   Ms. Puente has knowledge regarding job offer to Plaintiff, her hiring, creation of her personnel file, her leave, and her termination.

7. Person with Most Knowledge regarding Short Term Disability Benefits for

   Plaintiff

   Unum Life Insurance Company of America

16. Identify each person who has contacted you or any attorney or representative of yours concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter.

**ANSWER**: Defendant obtained a declaration from Nurys Puente to support its motion to compel arbitration.

11

17. State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person, which in any way relate to the facts of this case or the matters and incidents alleged in the parties' pleadings. If your answer is in the affirmative, separately identify the author of each statement, report memoranda or recording; the person or persons to whom the statement, report memoranda or recording was issued, distributed, or otherwise provided; the present location and custodian of each such statement, report memoranda or recording; and state the date each such statement, report memoranda or recording was prepared.

**ANSWER**: Defendant obtained a declaration from Nurys Puente to support its motion to compel arbitration.

## VERIFICATION

The undersigned affirms that the Responses to Plaintiff's Interrogatories are true and correct to the best of his/her knowledge, and that such information is provided subject to penalties of false swearing and under penalty of perjury.

Signature: _____

Print Name: Michael Chuprin

Date: 07/26/2019

13

Served this 26th day of July, 2019.

                                                                     Elizabeth M. Rodriguez.
                                                                     Florida Bar No. 821690
                                                                     Ford Harrison
                                                                     1 SE Third Avenue, Suite 2130
                                                                     Miami, Florida 33131
                                                                     Telephone: (305) 808-2143
                                                                     Facsimile: (305) 808-2101
                                                                     Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by Electronic Mail this 26th day of July, 2019 to the following counsel:

                                                                     Attorneys for Defendant

## **SERVICE LIST**

Anthony F. Sanchez, Esq.
Anthony F. Sanchez, P.A.
670 I Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:   305-328-4842
Email: afslaborlawfla.com

Dana M. Gallup, Esq.
Gallup Auerbach
4000 Hollywood Boulevard
Suite 265 South
Hollywood, FL 33021
Tel. 954-894-3035
Fax 954-894-8015
Email: dgallup@gallup-law.com

WSACTIVELLP:10692066.1